No. 20-cv-5083

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

Joseph Waske
Appellant

V

Lehman Brother Holding Inc.

Appellee

On Appeal from the United States District Court, Southern District of New York,

No. 08-13555(SCC), Honorable Ronnie Abrams, Presiding.

**BRIEF FOR APPELLANT**

Joseph Waske

22862 Via Genoa

Dana Point, CA 92629

949-517-8330

jwaske3@yahoo.com

PRO SE

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………….pg. 2-3

JURISDICTIONAL STATEMENT……………………………………….….pg. 4

STATEMENT OF ISSUES PRESENTED FOR REVIEW………………...pg. 4-8

STATEMENT OF THE CASE………………………………………………..pg. 8-10

SUMMARY OF THE ARGUMENT…………………………………………...pg. 10-11

ARGUMENT………………………………………………………………….pg. 11-14

CONCLUSION……………………………………………………………….pg. 15

# TABLE OF AUTHORITIES

**CASES**

**Fryer vs. Omnicom Media Group, 09 Civ 9514**

**Mentor Lagoons, Inc. v. Rubin, 510 N.E.2d 379, 382**

**Breckenridge, Inc. v. Solvay Pharm., Inc., No. 98-4606, 1999 WL 292667**

**Matter of Myerowitz 2019 NY Slip Op 04304**

**In re Beck, 902 F .2d 5, 7 (7th Cir. 1990)**

**STATUES**

**Rules 8.4**

**New York Rules of Professional Conduct 22 NYCRR** §§ 1200.1 et seq

**New York Rules of Professional Conduct 4.1**

**New York Rules of Professional Conduct 8.4 (c)(d)(h)**

**New York State Law Reporting Bureau pursuant to Judiciary Law § 431.**

**FED. R. CIY. P 46(b)**


**SECONDARY SOURCES**

Anton R. Valukas, Examiner Report................................................ECF #8307 pg. 1775

Lehman Brothers Holdings Inc. Capital Trust III Prospectus.......... (ECF#60542 pg. 24)

Lehman Brothers Holdings Inc. Capital Trust IV Prospectus (Page 23)

https://www.sec.gov/Archives/edgar/data/1083328/000104746903033240/a2119989z424b2.htm

Lehman Brothers Holdings Inc. Capital Trust V Prospectus (Page 23)

https://www.sec.gov/Archives/edgar/data/806085/000104746904010912/a2132819z424b2.htm

Lehman Brothers Holdings Inc. Capital Trust VI Prospectus (Page 23)

https://www.sec.gov/Archives/edgar/data/806085/000104746905000357/a2149684z424b2.htm


Motion to Reclassify......................................................... (ECF# 60337, Page 12)

## JURISDICTION STATEMENT

The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XIV, Section 14.1(h) of the Plan. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §§ 157(b). The statutory bases for the relief requested in this motion are sections 105(a) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Joseph Waske was not served on the June 3rd, 2020 hearing agenda with the Motion to Reclassify on it (ECF #60337). Additionally, Joseph Waske was not given the proper time and opportunity to argue the Motion to Reclassify (ECF #60337).

The Plan Administrator added the Motion to Reclassify (ECF #60337) as a motion to be heard during the June 3rd, 2020 hearing when the Honorable Judge asked the Plan Administrator to begin the hearing. The Motion to Reclassify was not on the "Agenda" (Docket #60653), nor was it scheduled to be in the "Hearing" (Docket #60498). Joseph Waske drafted the Agenda in which the honorable judge referred to (ECF#60653). On the Agenda, there were two motions to be heard, they were the Motion to Reserve for the Motion to Reclassify (ECF#60448) and the Motion for Summary Judgement

4

(ECF#60484). These two motions are also the only two motions listed on the Notice of Telephonic Hearing (ECF#60498).

The Honorable Judge then proceeded to focus an overwhelming majority of the hearing on the Motion to Reclassify and based the "ORDER" (Docket #60678) mainly on the Motion to Reclassify (ECF #60337).

"Ex Parte" was facilitated before the hearing between the Honorable Judge and the Plan Administrator as shown by the fact that the Honorable Judge added the Motion to Reserve for the Motion to Reclassify (ECF #60448) over the objection (Docket #60641 and Docket #60642) by Joseph Waske. The addition of the Motion to Reserve for Motion to Reclassify (ECF #60448) aided the Plan Administrator by giving the Plan Administrator a legal avenue to defeat the Motion for Summary Judgment (Docket #60484). Ultimately it gave the Plan Administrator the legal cover to file an objection late. During the June 3rd, 2020 hearing, the Honorable Judge also refused to hear arguments on Neuberger Berman which would have further proved the enforceability of the LBHI Capital Trusts III-VI Guarantees (Docket #60448, Exhibit D). The Neuberger Berman argument is one of the arguments for the Motion to Reserve for the Motion to Reclassify (ECF #60448). The Honorable Judge added the Motion to Reserve for the Motion to Reclassify (ECF #60448) to the hearing over the objection of Joseph Waske and then refused to hear the argument that provides basis for relief in the Motion to Reserve for the Motion to Reclassify (ECF #60448). The honorable judge did not allow the arguments for the motion, but added the Motion to Reserve for the Motion to Reclassify (ECF #60448) that allowed the Plan Administrator to defeat the Motion for Summary Judgment (ECF #60484).

5

The Plan Administrator stated during the hearing that he is not "aware" of the Important Covenants of Lehman Brothers Holdings when it is argued for on dockets 60448, 60337, 60542 and 60642. Those dockets were all scheduled to be heard on the June 3rd 2020 hearing. If the Plan Administrator was unaware of the Important Covenants of Lehman Brothers Holdings Capital Trusts III-VI, then they were not prepared for the Motion for Summary Judgment (ECF #60484), that was properly scheduled to be heard on June 3rd 2020, or the Motion to Reserve for the Motion to Reclassify (ECF #60448). Instead they were prepared to argue the Motion to Reclassify (ECF #60337) and the Plan Administrator stated it was on the Agenda to have it heard and ruled on to avoid the Motion for Summary Judgment (ECF #60484) and the Motion to Reserve for the Motion to Reclassify (ECF #60448). The intent of such a statement provides cover in the transcripts and allows the Plan Administrator to continue to violate the LBHI Capital Trusts "Covenants."

The Plan Administrator also continues to omit affiliate preferred security parity guarantee rights in court and earlier within the Plan Administrators filed "Objections" (Docket #60542) in response to Joseph Waske's motions and other earlier motions relating to the enforcement of the guarantees of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI. The Plan Administrator misled by omission in both the bankruptcy courts and appellate court levels (Docket #60542, page 10).

Joseph Waske had his rights and due process violated and denied in the June 3rd, 2020 hearing and in the order that was issued by the Honorable Judge based on the actions described in this Statement of Issues points 1, 2, 3 and 4 (ECF #60740).

6

Joseph Waske requests Honorable Judge Ronnie Abrams to not remand this case back to the Honorable Judge Chapman's court because of the bias and Ex Parte the Honorable Court has shown against Joseph Waske.

Joseph Waske has the standing and rights to file a lawsuit against LBHI to enforce the guarantee as if they are the Trustee, upon the Trustee failing to enforce the Guarantee (Docket #60542, page 62).

The Bankruptcy Court erred by not ruling on the merits of the Motion for Summary Judgment (ECF #60484).

The Bankruptcy Court erred by refusing to hear arguments for the Motion to Reserve for the Motion to Reclassify (ECF #60448) when the issue of Neuberger Berman was presented in court for argument. Then, the bankruptcy court ruled against the motion. The Bankruptcy Court was the one who insisted on adding the Motion to Reserve for the Motion to Reclassify (ECF #60448) over the objection of Joseph Waske. The motion was added to the hearing and then the court refused to hear its arguments.

The Bankruptcy Court erred by not ruling if the rights of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI were violated under the guarantee and if the LBHI Capital Trusts have parity status with the Preference Shares of Neuberger Berman that were redeemed at full value.

The Bankruptcy Court erred by not ruling if the rights of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI were violated under the guarantee by the LBMB transaction or any other transaction of LBHI's affiliates or subsidiaries that involved preferred equity or subordinated debt transactions.

The Bankruptcy Court erred by not ruling on the enforceability of the Important Covenants of Lehman Brothers Holdings and the Guarantee provided to Capital Trust III, IV, V, VI holders.

The Bankruptcy Court erred by not ruling on recent distributions to affiliate and subsidiary preferred equity as basis for relief to reclassify the existing Capital Trust III-VI Claims in parity with the highest class of affiliate and subsidiary preferred equity to receive distributions.

In the hearing on June 3rd 2020, the Plan Administrator acknowledged that equity with value exists or has been created in spin-offs or affiliates. The bankruptcy court erred in not ruling that the Capital Trusts III, IV, V and VI covenants and guarantees have been breached and that the Capital Trusts III, IV, V and VI are in parity with the highest spin-off or affiliate preferred equity.

## STATEMENT OF THE CASE

This case arises out of the failure of the bankruptcy court to address the Motion to Reserve for the Motion to Reclassify (ECF#60448). The bankruptcy court and the Plan

8

Administrator wanted to avoid the "parity with the most senior preference shares of an affiliate" issue at all cost, not just with Neuberger Berman, but with all affiliates that have paid their equity interests under the Plan Administrator. The Plan Administrator misrepresented the terms of each LBHI Capital Trust III, IV, V and VI Prospectus to the bankruptcy court multiple times and also in the district court, as argued and shown proof within the filed Motion to Reserve for the Motion to Reclassify (Docket #60448).

This led to the events that occurred in the June 3rd 2020 hearing, resulting in the order (ECF #60678) that is being appealed before this court. The Plan administrator once again misrepresented facts when the Honorable Judge Chapman allowed the Plan Administrator to lead off what was on the "Agenda" (ECF#60653). Joseph Waske drafted the Agenda in which the honorable judge referred to (ECF#60653). On the Agenda, there were two motions to be heard, they were the Motion to Reserve for the Motion to Reclassify (ECF#60448) and the Motion for Summary Judgement (ECF#60484). These two motions are also the only two motions listed on the Notice of Telephonic Hearing (ECF#60498). The Plan Administrator misrepresented the Agenda to the bankruptcy court by adding the Motion to Reserve (ECF #60448) to the Agenda with the intent to lead the bankruptcy court to rule on the Motion to Reclassify (ECF #60337) because the Motion to Reserve for the Motion to Reclassify contained facts the Plan Administrator and the bankruptcy court did not want to be addressed as the "Plan" has been violated and was no longer in compliance with the bankruptcy code as both Honorable Judge Chapman and the Plan Administrator knew the "Guarantee" (ECF #60542 and each LBHI Capital Trust III-VI Prospectuses on pg. 21) should have been enforced.

The Bankruptcy court accepted the misrepresentation by the Plan Administrator and continued the June 3rd, 2020 hearing by refusing to hear the arguments on the Motion to Reserve for the Motion to Reclassify (ECF #60448) and the Motion for Summary Judgement (ECF #60484) even when it was brought up to be heard.

The June 3rd 2020 hearing, was based on the Motion to Reclassify (ECF #60337) which was not schedule to be heard. Joseph Waske was deprived of his proper due process by not being allowed to prepare to argue the Motion to Reclassify (ECF #60337).

## SUMMARY OF THE ARGUMENT

Joseph Waske has the standing to sue Lehman Brothers Holdings Inc if the Trustee fails to enforce the "Guarantee". This is specifically stated on each of the specific Prospectus on page 21 of the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI. (ECF#60542 pg. 24) The Trustee of Lehman Brothers Holdings Inc. III, IV, V and VI did not enforce the "Guarantee" and has failed to enforce the guarantee and that is why Joseph Waske filed his motions.

The Plan Administrator misrepresented the "Agenda" to lead the court to rule on a motion that was not scheduled to be heard.

The bankruptcy court has shown bias against Joseph Waske throughout the process leading up to the June 3rd, 2020 hearing. Originally, Joseph Waske requested the hearing for only the Motion for Summary Judgement (ECF #60484). The

honorable judge knowing that the Plan Administrator was in default by not responding on time to the Motion for Summary Judgement (ECF #60484)decided to add the Motion to Reserve for the Motion to Reclassify (ECF #60448) to the hearing to give the Plan Administrator cover to eliminate the default on the Motion for Summary Judgement (ECF #60484) by giving the Plan Administrator until the June 3rd, 2020 hearing date to address the Motion for Summary Judgment (ECF #60484). Joseph Waske informed the honorable judge this allowance was helping the Plan Administrator by adding the Motion to Reserve for the Motion to Reclassify (ECF #60448) to the June 3rd, 2020 hearing and requested the honorable judge to not include the Motion to Reserve for the Motion to Reclassify to the hearing. The Honorable Judge denied the request. (ECF#60508 and 60509).

The bankruptcy court did not allow a hearing on the arguments and failed to address the Motion to Reserve for the Motion to Reclassify (ECF #60448) and did not allow the arguments for the Motion for Summary Judgment (ECF #60484) to he heard in open court.

## ARGUMENT

The Plan Administrator made a misrepresentation to the honorable court and to the honorable judge when specifically not following what was scheduled on the "Agenda." The Plan Administrator included the Motion to Reclassify (ECF #60337) in the answer to the honorable judge.

The Plan Administrator has a history of making misrepresentations to the bankruptcy court and the district court and has done so again during the June 3rd, 2020 hearing. (ECF#60542).

The Plan Administrator argued that the breaches of covenants would give rise to a claim under the guarantee (June 3rd, 2020 Hearing Transcript pg 8, lines 19-23) only in the event the Trusts had money and did not pay through to the Capital Trust Preferred Holders. That is incorrect. The LBHI Capital Trusts III-VI covenant rights granted in each Capital Trust prospectus are much broader than the Plan Administrator states. LBHI was the holding company and the subsidiaries provided all the funds for distributions on all debt securities. The Covenants specifically provide payment and dividend stoppage rights, including liquidation payments, across the parent (LBHI) and all its subsidiaries debt securities that rank in parity or junior to the LBHI Capital Trusts III, IV, V and VI. These broad payment and dividend stoppage rights were granted and written into each Capital Trust Prospectus by LBHI. The Plan Administrator is bound by those terms yet continues to breach them as payments have been made to subsidiary debt securities that rank in parity or junior to the LBHI Capital Trusts III, IV, V and VI.

The Plan Administrator misrepresentation that the guarantees are subordinated to the levels of LBHI's equity are not factual. The guarantees are subordinated only to LBHI's liabilities and not to the level of LBHI's equity, because the GUARANTEE is on parity with <u>the most senior preference shares</u> of LBHI <u>AND ITS AFFILIATES.</u> Additionally, the Capital

12

Trusts III, IV, V, VI are on parity with subsidiary debt securities that rank in parity or junior to LBHI Capital Trusts III, IV, V and VI (The "Covenants").

On October 16th 2019, in <u>Appellate Court</u> Case 1:19-cv-06397-PAE, the Plan Administrator stated that the Capital Trust preferred shares are subordinated to the level of preferred interest in LBHI. That clearly is not true, as the LBHI Capital Trusts are in parity with the most senior preference stock of its affiliates. The Plan Administrator knew this and chose to mislead the honorable court. Just by the fact that LBHI's equity has been placed in class 12 and LBHI Capital Trusts III, IV, V and VI are placed in 10B means the LBHI Capital Trusts III, IV, V and VI are not subordinated to that level. The deception is outrageous. The Plan Administrator will go to great lengths to omit the fact that the LBHI Capital Trusts' parity to affiliates most senior preference stock rights. The following is a repost of the previous quotation by the Plan Administrator to mislead. This is with the district court.

"The prospectuses upon which Wu purports to have relied clearly provides that any liability that LBHI would have on the Subordinated Guarantee is subordinated to the level of preferred equity interests in LBHI, subordinate to all other liabilities of LBHI:

"[LBHI's] [g]uarantee will constitute unsecured obligations of [LBHI] and will rank (i) subordinate and junior in right of payment to all other liabilities of [LBHI], **(ii) on a parity with the most senior preferred or preference stock... and (iii) senior to LBHI's] common stock.""**

The Plan Administrator omits key prospectus language regarding "Affiliate". The actual section in each Capital Trust III-VI prospectus reads as follows:

13


Trusts III, IV, V, VI are on parity with subsidiary debt securities that rank in parity or junior to LBHI Capital Trusts III, IV, V and VI (The "Covenants").

On October 16th 2019, in <u>Appellate Court</u> Case 1:19-cv-06397-PAE, the Plan Administrator stated that the Capital Trust preferred shares are subordinated to the level of preferred interest in LBHI. That clearly is not true, as the LBHI Capital Trusts are in parity with the most senior preference stock of its affiliates. The Plan Administrator knew this and chose to mislead the honorable court. Just by the fact that LBHI's equity has been placed in class 12 and LBHI Capital Trusts III, IV, V and VI are placed in 10B means the LBHI Capital Trusts III, IV, V and VI are not subordinated to that level. The deception is outrageous. The Plan Administrator will go to great lengths to omit the fact that the LBHI Capital Trusts' parity to affiliates most senior preference stock rights. The following is a repost of the previous quotation by the Plan Administrator to mislead. This is with the district court.

"The prospectuses upon which Wu purports to have relied clearly provides that any liability that LBHI would have on the Subordinated Guarantee is subordinated to the level of preferred equity interests in LBHI, subordinate to all other liabilities of LBHI:

"[LBHI's] [g]uarantee will constitute unsecured obligations of [LBHI] and will rank (i) subordinate and junior in right of payment to all other liabilities of [LBHI], **(ii) on a parity with the most senior preferred or preference stock... and (iii) senior to LBHI's] common stock.**""

The Plan Administrator omits key prospectus language regarding "Affiliate". The actual section in each Capital Trust III-VI prospectus reads as follows:

      ii) "On a parity with the most senior preferred or preference stock now or hereafter issued by Lehman Brothers Holdings and with any guarantee now or hereafter entered into by Lehman Brothers Holdings in respect of **any preferred securities of any affiliate of Lehman Brothers Holdings**, and

      iii) Senior to Lehman Brothers Holdings common stock."

      The Plan Administrator led the bankruptcy court to focus on the Motion to Reclassify (ECF #60337) instead of the two motions that were formally scheduled to be heard on June 3rd, 2020. The plan administrator has a history of making misrepresentations to the Appellate and Bankruptcy courts.

      The honorable judge showed bias when the Motion to Reserve for the Motion to Reclassify (ECF #60448) was added to the June 3rd, 2020 hearing, understanding that it would negate the original intent for the June 3rd, 2020 hearing in the first place. This adversely harmed Joseph Waske before the hearing even started and ultimately ended all of the motions.

      The Bankruptcy court did not allow the arguments of the Motion to Reserve for the Motion to Reclassify (ECF #60448) to be heard, thus violating Joseph Waske's due process.

      The Bankruptcy court did not allow the arguments of the Motion for Summary Judgement (ECF #60484) to be heard thus violating Joseph Waske's due process.

## CONCLUSION

For the foregoing reasons, Joseph Waske respectfully requests that this Court reverse the bankruptcy court and remand this case for entry of an amended order.

That the Plan Administrator made misrepresentations to the bankruptcy court that violated Joseph Waske's due process and led the bankruptcy court away from the two motions that were scheduled to be heard on June 3rd, 2020.

That the honorable judge showed bias leading up to the hearing by including the Motion to Reserve for the Motion to Reclassify (ECF #60448) to the hearing and by refusing to hear the arguments that were scheduled to be heard. Further, it is requested that the Appeals Court not remand this case back to Honorable Judge Chapman's courtroom because of the bias and remand this case to another court.

Dated this 16th day of September, 2020

Joseph Waske
22862 Via Genoa
Dana Point, CA 92629
949-517-8330
jwaske@yahoo.com
Pro Se