Case No.

20-cv-05083

---

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

---

Joseph Waske

Appellant

**V**

Lehman Brother Holding Inc.

Appellee

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT, SOUTHERN
DISTRICT OF NEW YORK, No. 08-13555(SCC), HONORABLE RONNIE
ABRAMS, PRESIDING.

---

**RESPONSE TO APPELLEE'S BRIEF**

---

Joseph Waske
22826 Via Genoa
Dana Point, CA92629
Tel:949-517-8330
Email:jwaske3@yahoo.com
PRO SE

## TABLE OF CONTENTS

STATEMENT BY JOSEPH WASKE..................................................................pg.2-3

JURISDICTIONAL STATEMENT.............................................................pg.3

BACKGROUND...........................................................................................pg.3-7

RESPONSE TO APPELLE'S BRIEF...........................................................pg.7-13

SUMMARY OF THE ARGUMENT.............................................................pg.13-15

CONCLUSION.........................................................................  .......................pg.15-16

## STATEMENT BY JOSEPH WASKE

1. The Bankruptcy laws were enacted to provide a structure and a set
   of rules to carry out a bankruptcy.  What it does not provide is
   protection against intentional errors and omissions perpetrated by
   the participants in court. The Plan Administrator made
   misrepresentations during the June 3rd, 2020 telephonic hearing by
   intentionally including the Motion to Reclassify (ECF #60337) when
   describing what was filed to be heard on June 3rd, 2020.  The *Notice
   of Hearing* (ECF #60498) clearly states the two motions to be heard
   on June 3rd, 2020. On the day of the hearing, during the opening
   statements the Plan Administrator added a third motion to be
   discussed. This act led the Honorable Judge to base the *"Order"*
   (ECF #60678) on the misrepresentation of the inclusion of the
   *Motion to Reclassify* (ECF #60337).  The Plan Administrator then

proceeded to lead off by arguing on the content of the *Motion to Reclassify* (ECF #60337) that was not scheduled to be heard. The second reason is the chain of events carried out by the Bankruptcy Court that resulted in favorable treatment of the Plan Administrator leading up to and during the hearing. The third reason for this Appeal is the violation of Joseph Waske's Due Process. The misrepresentation perpetrated by the Plan Administrator is a misconduct.

### JURISDICTION STATEMENT

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XIV, Section 14.1(h) of the Plan. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §§ 157(b). The statutory bases for the relief requested in this motion are sections 105(a) and 1141 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

### BACKGROUND

3. On January 2nd 2020, the *Motion to Reclassify* (ECF #60337) was filed by Joseph Waske.

4. On January 7th 2020 Rex Wu joined the *Motion to Reclassify* (ECF #60348).

5. On January 21st 2020, the *Objection to the Motion to Reclassify* was filed by the Plan Administrator. (ECF #60378)

6. On January 31st, the *Response to the Objection to the Motion to Reclassify* was filed. (ECF # 60403)

7. On February 25th, the *Motion to Reserve for the Motion to Reclassify* was filed. (ECF # 60448)

8. On March 20th, 2020, the *Motion for Summary Judgement* was filed. (ECF # 60484)

9. On March 24th, 2020, after going into default and after the filing of the *Motion for Summary Judgement*, the Plan Administrator filed an "Objection". (ECF #60482)

10. On April 3th, Request for a hearing was requested for the *Motion for Summary Judgement*. (ECF #60484)

11. On April 6th, Notice of Telephonic Hearing was issued for the *Motion for Summary Judgement* (ECF # 60484) and the *Motion to Reserve for the Motion to Reclassify*. (ECF #60448)

12. On April 9th, 2020, Letter to request the Honorable Judge (ECF #60507) to not include the *Motion to Reserve for the Motion to Reclassify* (ECF #60448) and the explanation of the outcome that

would negate the default, thus assisting and favoring the Plan Administrator, was filed. (ECF #60507)

13.    On April 14th, Notice *of Memorandum Endorsed Order Denying Request* Doc. No. 60508. (ECF #60509)

14.    On April 20th, Due to the Honorable Court including the defaulted *Motion to Reserve for the Motion to Reclassify* (ECF #60448) to the June 3rd, 2020 hearing, Joseph Waske was forced to respond to the Plan Administrator's late "Objection" as described on Point #9. *Response to the Objection to the Motion to Reserve.* (ECF #60542)

15.    On May 18th, due to the Bankruptcy Court including the *Motion to Reserve for the Motion to Reclassify* (ECF #60448), it negated the default and gave the Plan Administrator a second chance opportunity to file a very late objection to the *Motion to Reserve for the Motion to Reclassify* (ECF #60448). The Bankruptcy Court understood by adding the *Motion to Reserve for the Motion to Reclassify* (ECF #60448) that it would overwhelmingly favor the Plan Administrator to the detriment of Joseph Waske, as explained on the letter sent to the Honorable Judge (ECF #60507) and Denied.

16.    The court effectively ruled on the outcome of a hearing before it even started, causing Joseph Waske to lose faith in the

objectiveness and fairness of the Bankruptcy Court assigned to the
Lehman Brothers Holdings Inc.'s bankruptcy case.

17.    On May 19th, Joseph Waske was forced to file a response to the
*Objection to the Motion to Reserve for the Motion to Reclassify*. (ECF
#60642)

18.    On June 3rd, During the hearing, The Plan Administrator made a
misrepresentation to the Bankruptcy Court to add yet another
motion, the *Motion to Reclassify* (ECF #60337) to the Hearing on
June 3rd, 2020.  The Plan Administrator also led the Bankruptcy
Court away from ruling on the merits of the *Motion for Summary
Judgement* (ECF #60484) and the *Motion to Reserve for the Motion
to Reclassify* (ECF #60448) to focus on the *Motion to Reclassify*.
(ECF #60337)

19.    June 11th, 2020, the "Order" (ECF #60678) denying the *Motion to
Reclassify* (ECF #60337)*, Motion to Reserve for Motion to Reclassify* (ECF
#60448), and the *Motion for Summary Judgment* (ECF #60484) was
entered. The *Motion to Reclassify* (ECF #60337) was not on the Notice of
Hearing nor was it scheduled to be heard on that day June 3rd, 2020.

20.    Joseph Waske's Due Process was violated because Joseph Waske
was not properly informed, summoned, or served for the *Motion to
Reclassify*. (ECF #60337)  Joseph Waske was denied the opportunity
to prepare to present and argue the *Motion to Reclassify*. (ECF

#60337) While the Plan Administrator had every intention and readiness to argue on the *Motion to Reclassify* (ECF #60337) and the Plan Administrator misrepresented this to the Bankruptcy Court.

## RESPONSE TO APPELLE'S BRIEF

21.    The Plan Administrator did not deny the misrepresentation to the Bankruptcy Court and did not deny that they led the Bankruptcy Court to not rule on the merits of the *Motion for Summary Judgement* (ECF #60484) and the *Motion to Reserve* (ECF #60448), as described on the "Brief for Appellee." If the Plan Administrator were to deny that they misrepresented to the Bankruptcy Court, it would have been another misrepresentation made by the Plan Administrator to this Honorable District Court.

22.    Joseph Waske has the standing to argue on behalf the *Motion to Reclassify (ECF #60337)* because of the Joinders and has the standing to sue Lehman Brothers Holdings Inc. if the trustee fails to enforce the "Guarantee" *[ECF# 60337 pg. 12], [ECF#60542 pg. 62]and [Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI Prospectus pg. 23]*. The Trustee <u>FAILED</u> to enforce the "Guarantee" for each of the LBHI's Capital Trusts. The Plan Administrator is aware of the failure of the Trustee to enforce the "Guarantee."

*"If the guarantee trustee fails to enforce the guarantee trustee's rights under the guarantee, any holder of related preferred securities may directly sue Lehman Brothers Holdings to enforce the guarantee trustee's rights under the guarantee without first suing the trust, the guarantee trustee or any other person or entity."*

23. The Plan Administrator had a strategy to deflect the arguments from the *Motion to Reserve for the Motion to Reclassify* (ECF #60448) and the *Motion for Summary Judgement* (ECF #60484) away from the hearing and replace it with the content of the *Motion to Reclassify*. (ECF #60337) Even with that strategy, the Honorable Judge did not rule on the arguments of the *Motions to Reclassify* (ECF #60337) which were not scheduled to be addressed during the June 3rd, 2020 hearing.

24. The Plan Administrator does not want to open the "FLOOD GATES" as described by the Plan Administrator regarding the rights of the "Guarantee" which the Plan Administrator wrongfully oppressed and has kept from the creditors the error that the Plan Administrator made within the "PLAN." The "PLAN" today is in violation of the bankruptcy, because during the ordinary course of the "PLAN" <u>without</u> intervention, the PLAN is supposed to enforce the "GUARANTEE" rights of the Lehman Brother Holdings Inc.

Capital Trusts III, IV, V and VI including the Important Covenants of LBHI, the Subsidiary Payment and Dividend Stopper rights and the Affiliate Parity rights of the LBHI Capital Trusts preferred securities. Even with the many communications to LBHI, the Plan Administrator and the Bankruptcy Court, to point out the error - they have failed to take proper action. With the amount of communication that has been sent, the error has to be reasonably considered intentional. The Bankruptcy Court took all measures and means to avoid ruling on the "GUARANTEE" since the issue was brought up, now the Bankruptcy Court and the Plan Administrator seem to have the intention of suppressing the rights of the LBHI Capital Trusts' "Guarantees" while the Plan Administrator on behalf of LBHI benefits from a material 1.2 billion dollar theft away from the Lehman Brothers Holdings Inc. Capital Trusts III, IV, V and VI. While at the same time placing LBHI's own preferred holdings in LBIE in a higher classification. It is a fact that the Capital Trust III, IV, V, VI have Sr. Equity parity rights across the parent (LBHI) and Affiliates and Subsidiaries. Each of the Capital Trust III, IV, V, VI Prospectus, are listed under the "Secondary Sources" and included for the Honorable District Court to review or refer to other venues to review, to make sure the LBHI Bankruptcy is not in violation of the "PLAN" because of the

intentional error made and being suppressed in regards to the "Guarantee." The Plan Administrator is more concerned about opening "Flood Gates" rather than the integrity of "PLAN" and correcting the material errors they made during the beginning stages of the "PLAN."

25.    The Plan administrator or LBHI should be able to tell the Honorable District Court on record if the "Guarantee" that relates to LBHI's Capital Trusts III, IV, V and VI:

      i.   Are enforceable under the LBHI Bankruptcy and the "PLAN"?

      ii.  Being enforced by the Plan Administrator?

      iii. Is the "PLAN" currently in violation due to the Plan Administrator and the Bankruptcy Court knowing the "Guarantee" is not being enforced?

26.    The Guarantee is also covered by the 2005 Global Guarantee issued by LBHI pre-bankruptcy which is currently enforced under the "PLAN". But, conveniently the Global Guarantee is just not being enforced for the LBHI Capital Trusts III, IV, V and VI.

27.    Joseph Waske is not filing a claim because the right procedure is to reclassify the LBHI Capital Trusts III, IV, V and VI in order to bring the "PLAN" back to integrity and out of violation. There is a significant difference between a reclassification and a new claim

and the Plan Administrator does not see the difference. There was
an error that was made and that error also relates to the Neuberger
Berman transaction. The LBHI Capital Trusts should not be in class
10B because of the set-off provisions and the "Guarantee" terms as
mentioned in each of the Capital Trust III,IV,V,VI Prospectus,
which are enforceable under the *"PLAN."*

28.    Subsection 1127(b) does not apply to the LBHI Capital Trust III,
IV, V and VI because there was an error made with the Neuberger
Berman transaction within the "PLAN and the Disclosure
Statements as described in the *Motion to Reserve for the Motion to
Reclassify* (ECF #60448).  Neuberger Berman Redeemed their own
Preferred shares held by LBHI in violation of the LBHI Capital
Trusts III, IV, V and VI Prospectus contract after the declaration of
the bankruptcy and before the effective date of the "PLAN".  The
LBHI Capital Trusts III, IV, V and VI issues are in parity with the
most senior preference shares of its affiliates.  The Plan
Administrator as well as LBHI knew about this transaction and
continued to classify the LBHI Capital Trusts III, IV, V and VI in
class 10B which is the wrong class.  The Neuberger Berman
transaction violated the Lehman Brothers Capital Trust contract
prospectus rights and this is an intentional error that was made by
the Plan Administrator and LBHI.  This further highlights the

omissions and misrepresentations that were made in court and in filings by the Plan Administrator. Subsection 1127 does not protect against errors or fraud. Moreover, it is the responsibility of the Debtor and the Plan Administrator to fix any error(s) during a bankruptcy that they are made aware of. The Plan Administrator, the Debtor and the Bankruptcy Court have been aware of the error for years.

29.   The Honorable District Court should review and issue a ruling on the "Guarantee" to determine if the "Guarantee" under the LBHI Capital Trusts III, IV, V and VI prospectus are effective under the "PLAN." That will confirm that an error was made to validate that subsection 1127(b) does not apply to error or fraud as subsection 1127(b) was mentioned by the Plan Administrator.

30.   On the Ianello Vs. LBHI Appeal (Case # 19-cv-06397) the Honorable Judge from the Appellate Court did not rule on merits of the "Guarantee". The Honorable Bankruptcy court also did not rule on the merits of the "Guarantee." As it turns out, the "PLAN" states that the Guarantee is effective per the contract terms and the Global Guarantee issued by the LBHI in 2005. The courts do not have to rule on the Guarantee as it is already effective and enforceable under the "PLAN".

31.     Intentional or Unintentional Errors or Fraud are not protected
        by the Bankruptcy code or the courts.  Unintentional errors need to
        be corrected when brought to the attention to the Debtor, Plan
        Administrator and/or the Judge.  The Debtor, Plan Administrator
        and the Bankruptcy Court have been made aware of the error
        through multiple communications.

## SUMMARY OF THE ARGUMENT

32. The Plan Administrator made misrepresentations to the Honorable Judge
    of the Bankruptcy court.  Misleading a judge in court is against the law,
    court procedures and professional conduct [Fryer vs. Omnicom Media
    Group, 09 Civ 9514].  The Plan Administrator violated New York Rules of
    Professional Conduct 8.4 (c)(d)(h) when they made the misrepresentations
    to the Honorable Judge during the June 3, 2020 hearing.

33. The Honorable Judge of the Bankruptcy court did not want to hear any
    arguments or hear about any evidence relating to the "parity with most
    senior preference shares" argument under the *Motion to Reclassify.*"
    (ECF #60337)  The Honorable Judge did not rule on any of the
    arguments before the court relating to "parity" but, decided to add
    the motion to the hearing last minute anyways.

34. The June 3rd, 2020 hearing was flawed.  The merits of the *Motion
    for Summary Judgement* (ECF #60484) and the *Motion to Reserve*

*for the Motion to Reclassify* (ECF #60448) were not addressed. The
content and arguments of the two motions were not even heard or
discussed during the hearing. Two motions had been added to the
original hearing request despite protest. The *Motion to Reclassify*
(ECF #60337) was misrepresented to have been filed or included for
the June 3rd, 2020 hearing before the bankruptcy court and the Plan
Administrator used it as an inroad and succeeded to gain a
favorable ruling from the misconduct.

35. Joseph Waske did not receive service for the *Motion to Reclassify* (ECF
#60337) and his due process was violated. The *Motion to Reclassify* (ECF
#60337) was not supposed to be heard during the June 3, 2020 hearing.

36. The "Order" (ECF #60678) was the result of the misrepresentation the
Plan Administrator made to the Bankruptcy Court in which the Plan
Administrator did not deny they made the misrepresentation. The
misrepresentation benefited the Plan Administrator.

37. The evidence Joseph Waske presented regarding the misrepresentation
made by the Plan Administrator to the Bankruptcy Court during the June
3rd, 2020 hearing is indisputable. The Plan Administrator led the
Bankruptcy Court away from the two motions that were supposed to be
heard for the day to focus on the *Motion to Reclassify* (ECF #60337), that
was not on the agenda. This resulted on a favorable ruling for the Plan
Administrator. The misrepresentation perpetrated by the Plan

Administrator is a misconduct and the "Order" should be appealed and voided.  The Plan Administrator did not deny that they misrepresented the Bankruptcy Court.

## CONCLUSION

For the foregoing reasons, Joseph Waske respectfully requests that this Court reverse the Bankruptcy Court's Order and remand this case for entry of an amended order

38. That the Plan Administrator made misrepresentations to the Honorable Judge of the Bankruptcy Court and led the Honorable Judge to rule on a motion that was not scheduled to be on the June 3rd 2020 Hearing which resulted in a favorable ruling for the Debtor and the Plan Administrator.

39. That the Honorable Judge of the Bankruptcy Court did not address the arguments and issues relating to the *Motion for Summary Judgement* (ECF #60484) and the *Motion to Reserve for the Motion to Reclassify*. (ECF #60448)

40. That the "Guarantee" is effective in accordance with the "PLAN" and the Bankruptcy Procedures and that the Important Covenants of LBHI, the

Payment and Dividend Stopper terms, the Parity provisions and all the
Guarantee provisions need to be enforced.

41. That a misrepresentation was made by the Plan Administrator.  The Plan
Administrator should notify the Debtor (LBHI) regarding the
misrepresentation and further order the Plan Administrator to notify all
the creditors that a misrepresentation was made to be fully transparent.
The creditors and LBHI need to be formally notified to keep the integrity
of the bankruptcy intact.  Updates should be provided to the Honorable
District Court when the notifications are completed.

And

42. Remand this case to another judge in bankruptcy court.


**Dated this 26th day of October, 2020**

Joseph Waske
22826 Via Genoa
Dana Point, CA92629
Tel: 949-517-8330
Email:  jwaske3@yahoo.com
PRO SE

## Certificate of Compliance

I hereby certify based on Microsoft Word that the following requirements are met:

1. Local Rules 11. 1 of the United States District Courts for the Southern and Eastern Districts of New York.

      (b) The typeface, margins, and spacing of all documents presented for filing must meet the following requirements:

           (1) all text must be 12-point type or larger, except for text in footnotes which may be 10-point type

2. Bankr. P. Rule 5015(a)(5)

3. Bankr. P. Rule 5015(a)(6)

4. Bankr. P. Rule 5015(a)(7)(B)(i)

This brief was prepared in a proportionally spaced typeface using a 12 point font with 3058 words.