20-cv-05083 (RA)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JOSEPH WASKE,
Appellant,

v.

LEHMAN BROTHERS HOLDINGS INC.,
Appellee.

## ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK (CHAPMAN, J.)

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL CASE NO. 08-13555

## APPELLANT'S MOTION FOR RECONSIDERATION and/or TO VACATE JUDGMENT

## TABLE OF CONTENTS

                                                                                                                      **Page**

Introduction..........................................................................................................4

Statement of Facts................................................................................................4

Legal Arguments..............................................................................................4-10

Conclusion..........................................................................................................10

Certificate of Compliance...................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Coe v. RJM, LLC*,
372 Fed. Appx. 188 (2d Cir. 2010)..................................................................5

*U.S. v. International Broth. Of Teamsters*,
247 F. 3d 370 (2d Cir. 2001)............................................................................6

*Aneja v. M.A. Angeliades, Inc.*,
2010 U.S. Dist. LEXIS 3035 (S.D.N.Y. 2010)................................................7

*Marrero Pichardo v. Ashcroft*,
374 F.3d 46,55 (2d Cir. 2004)
(*citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
956 F.2d 1245,1255 (2d Cir. 1992)..................................................................9

*Mission Prod. Holdings v. Tempnology, LLC*,
139 S. Ct. 1652 (2019).....................................................................................9

*In re Lehman Bros. Inc.*,
519 B.R. 434, 2014 U.S. Dist. LEXIS 124590 (S.D.N.Y. 2014),
aff'd, 808 F.3d 942, 61 Bankr. Ct. Dec. (LRP) 249,
Bankr. L. Rep. (CCH) ¶ 82883, 74 Collier Bankr. Cas. 2d (MB) 1480,
2015 U.S. App. LEXIS 21606 (2d Cir. 2015)................................................10

**Statutes**
11 U.S.C.S. § 365(a)(g)....................................................................................9
11 USCS § 510.................................................................................................9
11 USCS § 510(b)...........................................................................................10
11 USCS § 502.................................................................................................9

**Other Authorities**
Fed. R. Civ. P. 59(b).....................................................................................5-6
Fed. R Civ. P. 59(e).......................................................................................8-9
Fed. R. Civ. P. 60..........................................................................................5-6
Rule 60(b)(2) and (3)....................................................................................5-7
Rule 9023-1(a)..................................................................................................4
Fed. R. Bankr. P. 9024....................................................................................5

# I. INTRODUCTION

1. The Appellant, JOSEPH WASKE (the "Appellant" or "Mr. Waske") is seeking reconsideration and or relief from a judgment/order that was entered in this matter.

# II. STATEMENT OF FACTS

2. In this matter a Memorandum Opinion & Order was entered which denied the appeal of the Appellant from the bankruptcy court's decision.

3. In this matter, the Appellant sought to prevail on multiple motions and has recently discovered that there was fraud and evidence that was withheld in this matter.

# III. LEGAL ARGUMENTS

4. Local Bankruptcy Rule 9023-1(a) governs Motions for Reconsideration, and, in pertinent part, provides:

> A motion for reargument of a court order determining a motion must be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion must set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

5. This reconsideration is timely, based on the fact that Appellant is also seeking relief from a judgment or order and "Fed. R. Bankr. P. 9024 provides that reconsideration motions in the bankruptcy court are governed by Fed. R. Civ. P. 60. Fed. R. Bankr. P. 9024." *Coe v. RJM, LLC*, 372 Fed. Appx. 188 (2d Cir. 2010)

6. Thus the Appellant is able to proceed in this matter under Fed. R. Civ. P. 60.

7. The relevant provisions of Fed. R. Civ. P. 60 are as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
>
> (1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

8. This motion is timely as it proceeds under Rule 60(b)(2) and (3), which are **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

9. "The party seeking relief from judgment has an onerous standard to meet. District courts in this circuit have characterized the test in the following manner: [T]he movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *U.S. v. International Broth. Of Teamsters*, 247 F. 3d 370 (2d Cir. 2001)

10. In this matter, the Appellant is also adopting the arguments and remedies in case number 20-cv-05823, docket #12 and #15 that are also filed with this honorable court.

11. In this matter, the newly discovered evidence is that the Lehman Brothers Holdings, Inc. ("LBHI") plan administrator has intentionally violated the Appellant's security covenants and guarantee by recently allowing other equity in the parent and affiliates to receive distributions, and this was only recently discovered.

12. These facts existed at the time of the dispositive proceeding, the Appellant was justifiably ignorant of these facts, despite due diligence, the evidence is admissible and of such importance that it probably would have changed the outcome and the evidence is not merely cumulative or impeaching.

13. The LBHI plan administrator's conduct, fits squarely underneath this standard for newly discovery evidence under Rule 60(b)(2).

14. As it relates to the fraud element, "Fed. R. Civ. P. 60(b)(3) allows relief from judgment on the basis of fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). To prevail on a Fed. R. Civ. P. 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case. A Fed. R. Civ. P. 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits. This burden exists because although the rule provides courts with authority to enable them to vacate judgments whenever such action is appropriate to accomplish justice, such authority should only be applied in extraordinary circumstances." *Aneja v. M.A. Angeliades, Inc.*, 2010 U.S. Dist. LEXIS 3035 (S.D.N.Y. 2010)

15. The LBHI plan administrator's conduct fits squarely underneath this standard for fraud under Rule 60(b)(3).

16. A close review of all of the earlier filings by the attorneys for the LBHI estate they keep omitting on the record, the Appellant's equity rights while allowing the estate to recover on its equity held in affiliates/subsidiaries and recently made distributions on equity.

LBHI admin ECAPs' IV & V Cash Payouts after SCOTUS' May 20, 2019 Ruling:

(Exhibit A)

1) Class 10A Notes were issued by LBHI for the following securities,

Lehman Brothers UK Capital Funding IV LP

€200,000,000

Euro Fixed Rate Enhanced Capital Advantaged Preferred Securities

XS0282978666

Lehman Brothers UK Capital Funding V LP

US$500,000,000

Fixed Rate Enhanced Capital Advantaged Preferred Securities

XS0301813522

| Issuer | Value of interim distribution |
|---|---|
| LP IV | Euro 9,000,000 |
| LP V | USD 25,000,000 |

Quote (Exhibit B):

2) **LBHI has settled with entities** which in aggregate hold approximately 16.8% of the ECAPS. **The agreements provide for those holders' proportional share of the cash flows at issue to be shared as follows: 16.19% to such holders and 83.81% to LBHI.**

Solely for the purpose of maintaining the confidentiality of its assumptions relating to these uncertain recoveries, which are informed by privileged advice from counsel, LBHI treats ECAPS related litigation as an Excluded Litigation herein and therefore excludes estimates for ECAPS litigation related recoveries, **including estimated recoveries under agreements with holders of approximately 16.8% of the ECAPS, from these December 31, 2021 Cash Flow Estimates**

17. This is what was presented, but it was fraud and not accurate.
18. But for the conduct complained of, the Appellant could have been able to fully and fairly present his case.
19. It is necessary for the Judgment to be vacated, to accomplish the means of justice.
20. If this had been discovered earlier, the Appellant would have filed this motion earlier and as a Motion For Reconsideration under Fed. R. Civ. P. 59(e).

21. Pursuant to Fed. R Civ. P. 59(e), a court may reconsider an earlier decision when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46,55 (2d Cir. 2004) (*citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245,1255 (2d Cir. 1992) (Cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.")

22. Central to this matter is the U.S. Supreme Court case of *Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652 (2019), sets forth that, "11 U.S.C.S. § 365(a) gives a debtor the option, subject to court approval, to assume or reject any executory contract. And § 365(g) describes what rejection means. Rejection constitutes a breach of an executory contract, deemed to occur immediately before the date of the filing of the petition. Or said more pithily, a rejection is a breach. And breach is neither a defined nor a specialized bankruptcy term. It means in the Bankruptcy Code what it means in contract law outside bankruptcy. Congress generally meant for the Bankruptcy Code to incorporate the established meaning of terms that have accumulated settled meaning."

23. The Appellant clearly fits under this court holding, as the contract has been rejected.

24. 11 USCS § 510 sets forth:

> (a) A subordination agreement is enforceable in a case under this title to the same extent that such agreement is enforceable under applicable non bankruptcy law.
>
> (b) For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 [11 USCS § 502] on account of such a

claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

(c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or

(2) order that any lien securing such a subordinated claim be transferred to the estate.

25. The LBHI plan administrator misrepresented material facts.

26. 11 USCS § 510(b) mandates subordination of arising-from and contribution claims, provided such claims are based on securities of debtor or affiliate of debtor. *In re Lehman Bros. Inc.*, 519 B.R. 434, 2014 U.S. Dist. LEXIS 124590 (S.D.N.Y. 2014), aff'd, 808 F.3d 942, 61 Bankr. Ct. Dec. (LRP) 249, Bankr. L. Rep. (CCH) ¶ 82883, 74 Collier Bankr. Cas. 2d (MB) 1480, 2015 U.S. App. LEXIS 21606 (2d Cir. 2015)

### IV.   CONCLUSION

27. For the foregoing reasons, the judgment/order should be vacated.

Respectfully submitted,
Dated this 3rd day of June, 2022

JOSEPH WASKE
Pro Se
168 Alienta Ln
Rancho Mission Viejo, CA 92694

## CERTIFICATE OF COMPLIANCE

Based on the word counting device used in my computer program, I hereby certify: 1. This brief complies with the word limit requirement set forth in Fed. R. Bankr. P. Rule 8015(a)(7)(B)(i) because it contains 2,123 words. 2. This brief complies with the typeface requirements of Fed. R. Bankr. P. Rule 8015(a)(5) and the type style requirements of Fed. R. Bankr. P. Rule 8015 (a)(6), because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 12-point Times New Roman type style.

*This notice contains important information that is of interest to the registered and beneficial owners of the subject securities. If applicable, all depositories, custodians and other intermediaries receiving this notice are requested to expedite the re-transmittal to beneficial owners of the securities in a timely manner.*

## Notice to Holders

### Lehman Brothers UK Capital Funding IV LP
€200,000,000
Euro Fixed Rate Enhanced Capital Advantaged Preferred Securities
XS0282978666

### Lehman Brothers UK Capital Funding V LP
US$500,000,000
Fixed Rate Enhanced Capital Advantaged Preferred Securities
XS0301813522

19 October 2020

### Notice of Interim Payment

Reference is made to:

(i) the €200,000,000 Euro Fixed Rate Enhanced Capital Advantaged Preferred Securities issued by Lehman Brothers UK Capital Funding IV LP (the "**Issuer**" or "**LP IV**") with ISIN number XS0282978666; and

(ii) US$500,000,000 Fixed Rate Enhanced Capital Advantaged Preferred Securities issued by Lehman Brothers UK Capital Funding V LP (the "**Issuer**" or "**LP V**")) with ISIN number XS0301813522,

hereinafter referred to as the "**Securities**". Reference hereinafter to "the Issuers" is reference to LP IV and LP V.

***Interim Payment***: an initial interim payment will be paid for value on 28 October 2020 relating to the Liquidation Preference in respect of the Securities to beneficial holders of the Securities as of 21 October 2020. The value of the distribution for LP IV and LP V is set out in the table below. This distribution represents a significant proportion of the total funds likely to be available for distribution. The balance of funds will be distributed when outstanding cost issues and allocations have been determined.

| **Issuer** | **Value of interim distribution** |
|---|---|
| LP IV | Euro 9,000,000 |
| LP V | USD 25,000,000 |

***Background***: each of the Issuers were registered as a special purpose limited partnership for the purposes of issuing the Securities. LB GP No.1 Ltd (the "**Company**") acts as the General Partner of the Issuers. Bruce Alexander Mackay and Matthew Robert Haw of RSM Restructuring Advisory LLP were appointed as joint liquidators (the "**Joint Liquidators**") of the Company on 28 February 2017 pursuant to a special resolution of the Company's sole member, Lehman Brothers Holdings Inc. ("**LBHI**"). The appointment of the Joint Liquidators was ratified by the Company's creditors at a meeting of creditors held on 12 April 2017.

The appointment of the Joint Liquidators followed a Court process in which the Company was restored to the Register of Companies with effect from 3 February 2017. The restoration process and a number of related Court Orders that flowed from it were set out in the Joint Liquidators' Notice to Holders dated 23 June 2017 (the "**June 2017 Notice**"). The Company is part of the Lehman Investment Banking Group (the "**Group**"). Prior to the collapse of the Group in September 2008, a funding structure was developed by the Group to fund, on a subordinated basis, capital to be made available to Lehman Brothers Holdings Plc (in administration) ("**LBH**") and LBHI in respect of regulatory capital. The funding structure was established through five limited partnerships as follows:

Exhibit A

(i) Lehman Brothers UK Capital Funding LP ("**LP I**");
(ii) Lehman Brothers UK Capital Funding II LP ("**LP II**");
(iii) Lehman Brothers UK Capital Funding III LP ("**LP III**");
(iv) Lehman Brothers UK Capital Funding IV LP ("**LP IV**"); and
(v) Lehman Brothers UK Capital Funding V LP ("**LP V**").

(together the "**Partnerships**" or individually a "**Partnership**" as the context requires.

The Company acted as a general partner of each of the Partnerships. The Partnerships formed the structure of the capital funding arrangement. The purpose of the Partnerships was to raise regulatory capital for LBH and LBHI by issuing securities to investors.

**Qualification Statement**: this notice has been prepared using information obtained by Bruce Alexander Mackay and Matthew Robert Haw (i) acting as the Joint Liquidators of the Company; and (ii) acting as licensed insolvency practitioners specifically in relation to winding-up the Partnerships pursuant to an order of the High Court made in accordance with section 6(3) of the Limited Partnerships Act 1907. Reference in this notice to the Joint Liquidators also includes (where the context requires) Bruce Mackay and Matthew Haw acting as insolvency practitioners for the purpose of winding-up the Partnerships. Given the wider international failure and insolvency of associated Lehman entities and the passage of time since the Partnerships were active, it has been difficult to obtain all information relevant to the Partnerships and readers of this notice should understand that the Joint Liquidators' investigations have been hampered (in some cases) by the paucity of financial information and documentation.

Neither the Joint Liquidators nor RSM Restructuring Advisory LLP accept any liability whatsoever arising as a result of any decision or action taken or refrained from as a result of information contained in this notice.

This notice should be read in conjunction with the previous notices to the Holders issued by the Joint Liquidators on 23 June 2017, 13 November 2017, 11 May 2018, 19 November 2018 and 25 September 2019 copies of which are available on request.

**Contacts**: holders of the Securities who have queries concerning anything mentioned in this notice may contact the Joint Liquidators at:

RSM Restructuring Advisory LLP, 25 Farringdon Street, London, EC4A 4AB

E-mail: Samantha.Hawkins@rsmuk.com

Please note that in any correspondence with the Joint Liquidators, holders of the Securities will be required to verify their holdings of the relevant Securities to the Joint Liquidators by:

- such holder(s) sending an e-mail to the Joint Liquidators c/o Samantha Hawkins using the email address shown above and referencing "LB GP No. 1 Ltd (In Liquidation)" and the ISIN of the Securities in the subject line and disclosing the identity of the holder, the identity of the Partnership or Partnerships which issued the Securities, the nominal amount of each ISIN held by the holder and the details of the person(s) who shall represent the holder; and
- such holder(s) providing (by e-mail to the Joint Liquidators c/o Samantha Hawkins) a letter, screen shot or other proof of holding (in each case from Euroclear/Clearstream and their custodian (if applicable)) verifying each of its holdings in the Securities and disclosing the following information:
    - ISIN
    - Account number
    - Participant name
    - Nominal amount
    - Beneficial Holder details (including e-mail address)

This notice is given by

**Bruce Alexander Mackay
RSM Restructuring Advisory LLP
as Joint Liquidator of LB GP No.1 Ltd**

13

Case 1:20-cv-05083-RA   Document 10   Filed 06/07/22   Page 14 of 14
08-13555-scc   Doc 61442   Filed 03/30/22   Entered 03/30/22 06:31:27   Main Document
Pg 17 of 21
**Quarterly Financial Report as of December 31, 2021 (Unaudited)**

*Exhibit B*

### Note 6 – Legal Proceedings *(continued)*

LBHI has settled with entities which in aggregate hold approximately 16.8% of the ECAPS. The agreements provide for those holders' proportional share of the cash flows at issue to be shared as follows: 16.19% to such holders and 83.81% to LBHI.

Following a hearing commencing October 4, 2021, and ending October 8, 2021, the Court of Appeal of England and Wales gave judgment on October 20, 2021, relating to the ranking of claims held by LBHI and one of its affiliates in the insolvency proceedings of PLC and LBHI2 (the "UK Judgment"). Pursuant to the UK Judgment, the Court of Appeal of England and Wales reversed certain significant earlier declarations which had been delivered in July 2020 by the High Court of England and Wales. The High Court ruling would have resulted in materially higher financial outcomes for LBHI. Unless overturned or modified on appeal, the UK Judgment will have a material adverse impact on LBHI's estimated recoveries from its Non-Controlled Affiliates. A copy of the UK Judgment is available at Docket No. 61341.

On November 17, 2021, LBHI sought permission to appeal the UK Judgment to The Supreme Court of the United Kingdom. Certain other parties to the ECAPS proceedings filed objections to LBHI's application for permission to appeal to the Supreme Court on December 1, 2021. A decision on this appeal is pending.

Solely for the purpose of maintaining the confidentiality of its assumptions relating to these uncertain recoveries, which are informed by privileged advice from counsel, LBHI treats ECAPS-related litigation as an Excluded Litigation herein and therefore excludes estimates for ECAPS litigation-related recoveries, including estimated recoveries under agreements with holders of approximately 16.8% of the ECAPS, from these December 31, 2021 Cash Flow Estimates.

For further information please refer to:
www.pwc.co.uk/services/business-recovery/administrations/non-lbie-companies/lbh-plc-in-administration.html and
www.pwc.co.uk/services/business-recovery/administrations/non-lbie-companies/lbhi2-limited-in-administration.html

### (c) *LBIE Other*

The outcome of the following litigation may impact LBHI's potential indirect recoveries from LBIE:

**AG Financial Products Inc.**

On November 28, 2011, LBIE sued AG Financial Products Inc. ("AGR"), an affiliate of Assured Guaranty Corp., which in the past had provided credit protection to counterparties under credit default swaps. LBIE's complaint, which was filed in the Supreme Court of the State of New York (the "New York Supreme Court"), alleged that AGR improperly terminated nine credit derivative transactions between LBIE and AGR and improperly calculated the termination payment in connection with the termination of 28 other credit derivative transactions between LBIE and AGR. LBIE asserted in the complaint that AGR owes LBIE a termination payment of approximately $1.4 billion.

On July 2, 2018, the New York Supreme Court dismissed LBIE's claims with respect to the nine allegedly improperly terminated transactions in their entirety. That ruling remains subject to appeal. The Court also dismissed the claim that AGR breached its implied duty of good faith and fair dealing with respect to the valuation of the 28 terminated credit derivatives transactions, but found that there is a genuine question of fact as to the reasonableness and good faith of AGR's calculation of its loss, and so LBIE may proceed with its claim against AGR for breach of contract. On July 31, 2018, AGR filed a Notice of Appeal with the New York State Appellate Division with respect to the surviving claims. On January 17, 2019, the Appellate Division denied AGR's appeal.