UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH WASKE,

                    Appellant,

          v.

LEHMAN BROTHERS HOLDINGS INC.,

                    Appellee.

---

20-CV-5083 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On September 30, 2021, the Court issued a memorandum opinion and order dismissing *pro se* Appellant Joseph Waske's bankruptcy appeal on the basis that his claims were meritless. *See Waske v. Lehman Bros. Holdings Inc.*, No. 20-cv-5083 (RA), 2021 WL 4523495 (S.D.N.Y. Sept. 30, 2021). Waske has now filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 60(b)(2) and 60(b)(3). The primary basis for Waske's reconsideration motion is that Appellee Lehman purportedly committed "fraud" during the course of the bankruptcy proceeding and subsequent appeals, and that such fraud was only revealed by "newly discovered evidence" that, with reasonable diligence, he could not have discovered in time to move for a new trial under Rule 59(b). For the reasons that follow, the motion is denied.

### LEGAL STANDARD

As a general matter, motions for relief from judgment on any grounds are "not favored and [are] properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "The burden is on the moving party to demonstrate that it is entitled to relief, and courts generally require that the evidence in support of

1

the motion to vacate a final judgment be highly convincing." *Thai-Lao Lignite (Thailand) Co.,*

*Ltd. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (cleaned up).

The Second Circuit has further observed that "[t]he party seeking relief from judgment has an

onerous standard to meet." *Teamsters*, 247 F.3d at 392.

Rule 60(b)(2) of the Federal Rules of Civil procedure provides that a district court may

relieve a party of a final judgment or order upon a showing of "newly discovered evidence that,

with reasonable diligence, could not have been discovered in time to move for a new trial under

Rule 59(b)." In order to prevail on a motion for relief from a judgment based on "newly discovered

evidence," a movant must establish that "(1) the newly discovered evidence was of facts that

existed at the time of trial or other dispositive proceeding, (2) the movant . . . [was] justifiably

ignorant of them despite due diligence, (3) the evidence . . . [is] admissible and of such importance

that it probably would have changed the outcome, and (4) the evidence [is] not [] merely

cumulative or impeaching." *Teamsters*, 247 F.3d at 392.

Rule 60(b)(3), in turn, authorizes district courts to relieve a party from a final judgment

due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct

by an opposing party." "A Rule 60(b)(3) motion cannot be granted absent clear and convincing

evidence of material misrepresentations, and to prevail a movant must show that the conduct

complained of prevented [him] from fully and fairly presenting his case." *Entral Grp. Int'l, LLC*

*v. 7 Day Café & Bar*, 298 F. App'x 43, 44 (2d Cir. 2008) (cleaned up).

## DISCUSSION

In light of Waske's *pro se* status, the Court has construed his motion as raising the strongest

possible arguments that it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

(2d Cir. 2006). Nonetheless, there is no basis to overturn the previous order, as the so-called

"newly discovered" evidence raised by Waske would not have changed the outcome of the

proceeding with any reasonable probability under Rule 60(b)(2), and the conduct alleged by Waske does not amount to fraud on the opposing party or on the Court under Rule 60(b)(3).

Waske contends that Lehman's "plan administrator [] intentionally violated [Waske's] security covenants and guarantee[s] by recently allowing other equity in the parent and affiliates to receive distributions." Mot. at 6. He argues that Lehman repeatedly omitted his own "equity rights while allowing the estate to recover on its equity held in affiliates/subsidiaries" and that it also "recently made distributions on equity." *Id*. at 7. He selectively quotes from what appears to be a single page from a quarterly financial report dated December 31, 2021 for the proposition that Lehman settled with certain entities and provided for those holders' proportional share of cash flows to be shared such that approximately 16% went to the holders and the remaining 84% went to Lehman's estate. Mot. at 8 (quoting Ex. B, Quarterly Financial Report, Dec. 31, 2021 (Unaudited)). According to Waske, this financial report "was fraud and [was] not accurate." *Id*.

Plaintiff's motion fails to raise a colorable claim under either Rule 60(b)(2) or Rule 60(b)(3). First and foremost, the quarterly financial report that Plaintiff quotes had no bearing whatsoever on any of the grounds for the Court's September 30, 2021 opinion—filed three months before the report's publication. In that opinion and order, the Court held that Plaintiff's claims failed for the same reason that a related appeal had failed. *See* Sept. 30, 2021 Opinion (incorporating by reference *Wu v. Lehman Bros. Holdings Inc.*, No. 20-CV-5823, 2021 WL 4523486, at *1 (S.D.N.Y. Sept. 30, 2021)). None of those grounds related to, or even remotely depended upon, the quarterly report or any of the distributions that Plaintiff cites in his motion. Thus, there is no reasonable probability that this evidence (even assuming it somehow qualified as "newly discovered") "would have changed the outcome" of the previous proceeding. Fed. R. Civ. P. 60(b)(2).

So too, despite Waske's conclusory allegation, the language quoted from the report—

without more—does not meet the high threshold of "fraud" warranting relief from a prior judgment under Rule 60(b)(3). *See, e.g., Weldon v. United States*, 225 F.3d 647, at *2 (2d Cir. 2000) (explaining that "general claim[s] that defense counsel mischaracterized . . . the evidence and affidavits submitted to the district court," do not constitute fraud on the court). Plaintiff's remaining contentions regarding Lehman's purportedly intentional misrepresentations are wholly conclusory and cannot satisfy the substantial burden he bears of establishing fraud on the Court or on an opposing party. *See Entral Grp.*, 298 F. App'x at 44.

Finally, the Court construes Waske's citation to *Mission Prods. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652 (2019), as a motion for reconsideration under Local Rule 6.3. A prior order may be reconsidered if a party can "point to controlling decisions . . . the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration, however, is not a vehicle to "advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016). Waske could have cited the case in his initial appeal, and thus reconsideration may be denied on that basis along. But *Tempnology* is also irrelevant to the Court's prior dismissal of Waske's appeal. In that case, the Court held that a debtor-licensor's rejection of an executory trademark licensing agreement under section 365 of the Bankruptcy Code does not deprive a licensee of the rights to use the trademark. *Tempnology*, 139 S. Ct. at 1660–66. Waske does not explain, nor can the Court discern, how that holding relates to any of the grounds upon which the Court based its September 30, 2021 opinion.[1]

---

[1]     Waske also appears to incorporate by reference *all* of the arguments made by Appellant Wu in his separate motion for reconsideration under Federal Rules of Civil Procedure 60(b)(3), 60(b)(6), 60(d)(1), and 60(d)(3). *See* Mot. at 6 ("In this matter, the Appellant is also adopting the arguments and remedies in case number 20-cv-05823,

For the foregoing reasons, Waske's motion for reconsideration is denied.  The Clerk of Court is respectfully directed to terminate the motion pending at docket number 10 and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:        January 19, 2023
              New York, New York

_____
Hon. Ronnie Abrams
United States District Judge

---

docket #12 and #15 that are also filed with this honorable court.").  The Court therefore construes Waske's motion to adopt each of the arguments advanced by Appellant Wu in full, and denies the motion for the same reasons articulated by its opinion in that separate action. *See Wu v. Lehman Bros. Holdings Inc.*, No. 20-cv-5823 (RA), 2022 WL 3646207 (S.D.N.Y. Aug. 24, 2022).